TALIAFERRO, Judge.
Plaintiff instituted this suit to recover judgment against the defendants, L. J. Inabnett and Joe R. Miller, for Four Hundred ($400) Dollars allegedly due him for ■services rendered them as broker in procuring a loan of $20,000 from Jefferson Standard Life Insurance Company.
Inabnett individually made formal application 'for the loan. The proceeds were desired to erect and were actually expanded in the erection of a service station on a lot owned by him in the City of Ruston, Louisiana. The loan was secured by mortgage on the lot and ¡building.
Plaintiff alleged that while the application for ’the loan was pending, defendants, assured him that a commission of two per cent (2%) 'would 'be'paid to him. when the-loan was closed and the proceeds thereof' received; but after demand .for .payment of the commission defendants refused to comply therewith.
In the alternative, plaintiff sues on quantum meruit for the sum of Four Hundred! ($400) Dollars.
Before otherwise appearing or pleading,. Inabnett, who is a resident of Lincoln-Parish, Louisiana, declined the Court’s jurisdiction. The plea was overruled.
Miller filed exceptions of no cause and no-right of action. These were also overruled;. The defendants severed in their answers.
Both defendants deny that either agreed' to pay the commission for which plaintiff sued, and they expressly plead that each, time the question -of compensation to which, plaintiff would be entitled for his services, as broker was .mentioned, he stated that the-insurance ¡company would pay same. Miller, additionally, pleads that he had no direct financial interest in the loan and did not profit personally to any extent therefrom.
From a judgment condemning them -in-sólido for the full amount 'for which sued,, defendants appealed.
Inabnett is a son-in-law of Miller, who. is ninety-three years old, a -successful business man, and in very go-od financial condition. He testified that his interest in seeing that the loan was consummated sprang -solely -from a desire to 'be of assistance to-■his- daughter and son-'in-law. It appears.' that Inabnett looks to him 'for advice and counsel and frequently seeks the same.
*343 After Inabnett decided to erect the service station the question of financing the •project arose. Miller had recently. procured a much larger loan on real property from another insurance . company whose rule, he learned, forbade it to make loans •on service stations. He then inquired of a lawyer 'friend in Minden if he knew anyone who might be interested in making the loan, or who represented someone who made loans of this character. He was referred to plaintiff. The matter was discussed with plaintiff who advised that Inalb-•nett come to his office and make formal written application for the loan. This was promptly done. In connection with the application, plaintiff made a trip or two to Huston and several to see the insurance company’s North Louisiana manager in .Shreveport, Mr. M. O. Carter.
Miller and Inabnett both testified positively that neither agreed to pay for plaintiff’s services as broker, and that when the matter of compensation for his services was mentioned, plaintiff stated that this would ■be taken care of ¡by the insurance company. •On the contrary, plaintiff testified positively that both defendants more than once agreed sto pay him the usual commission of two per •cent for his services as broker. Evidently, when the matter was first discussed between plaintiff and Miller, all the facts were disclosed from which plaintiff learned that the loan was solely for Inaibnett’s account, the ¡proceeds of which would be expended in the construction of the mentioned service station.
It is of almost common knowledge •that with respect to sales of real estate and confection of loans through the medium of brokers, the seller or borrower carries the •burden of compensating for the services ■ employed in effecting the sale or mortgage, df there is no specific agreement on the subject, custom will prevail in case of controversy.
Mr. Carter, above mentioned; will share •equally with plaintiff the amount o,f commission finally paid by or recovered from 'Inabnett, if any. He testified that he “did .not know Miller in the deal”. It is quite significant that when Mr. Carter, about the time the loan was being closed, wrote only to Inabnett concerning the commission. In that letter it is said that when application for the loan was taken by the plaintiff “he explained to you that the commission would be two per cent, which will be $400.00. I will thank you to give Barham and Elder (Inabnett’s attorneys) authority to mail yow check for $400.00 when this loan is closed.” It is made clear from this letter and Mr. Carter’s testimony that he expected Inabnett alone to pay the commission, and this was to come from the proceeds of the loan. If plaintiff considered Miller bound with Inabnett for payment of the commission, it is strange he did not inform Carter of that fact in one of the several conversations with, him on the subject.
To hold Miller bound with Inabnett for payment of the commission, in view of undisputed facts and circumstances, the evidence should be conclusive o.f the matter. We do not find this to be true. On the contrary, the evidence rather preponderates against such a conclusion.
The parties stand on equal footing with respect to credibility. Their interest ¡in the suit and its outcome is equal. Plaintiff is seeking to recover judgment for a substantial amount, of money, while defendants are striving to repel the effort to fasten liability upon them for said amount. We can perceive of no good reason, in view of the record now before us, to resolve the issue of fact, as regards Miller’s liability, in favor of plaintiff any more than in Miller’s favor. Had the funds been needed to erect a building for Miller a different situation would be presented. Plaintiff admits that from the beginning of discussions with Miller it was made plain that the loan was for Inabnett and would be secured by mortgage on Inab-nett’s property.
The effort to bring Inabnett into the District Court for Webster Parish was predicated upon the-theory of in solido liability between him and Miller, who is a resident of that parish. To hold that Miller is not liable to plaintiff on any account, automatically sets at rest any doubt of the *344 Court’s jurisdiction over Inabnett. The plea to the jurisdiction is urged in this; Court.- It is well'founded.
’ Therefore, for the reasons herein assigned, the judgment from which appealed is annulled, avoided and reversed. The plea to the jurisdiction 'filed by defendant, Inabnett, is sustained, and this case, as to him, is dismissed as of non-suit. As regards defendant Miller, the demand is ’rejected. Plaintiff is cast for all costs.
KENNON, J., dissents.